No. 72–6979.  MEINHOLD *v.* TAYLOR ET AL.  Sup. Ct. Nev.  Certiorari  denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE MARSHALL concurs, dissenting.

Petitioner was a public school teacher in Nevada. He had taught in the Clark County School District for seven years, and in his present position at one of the district's junior high schools for five years. He was notified in March 1971 that his contract would not be renewed for the following school year. The dismissal was upheld by a professional review committee after a hearing, and by the school board. In affirming their actions, the Nevada Supreme Court relied on the charge of "unprofessional conduct," which was supported solely by certain allegations concerning petitioner's views on the State's compulsory-attendance laws.

The petitioner does not believe in compulsory-attendance laws, and he did not bend his views in the hearing before the committee. He had been quoted as saying that schools are bad for children. But he never aired those views in his classroom, and he was never charged with encouraging his students to be truant.

We have held that teachers may not "constitutionally be compelled to relinquish the First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest in connection with the operation of the public schools in which they work." *Pickering* v. *Board of Education,* 391 U. S. 563, 568 (1968). There we found that the school board's dismissal of a teacher for publishing a letter critical of the board's allocation of funds and its handling of a bond issue, was constitutionally impermissible. See also *Keyishian* v. *Board of Regents,* 385 U. S. 589 (1967); *Shelton* v. *Tucker,* 364 U. S. 479 (1960). Just recently we

reaffirmed that principle, pointing out that it did not rely on any contractual duties: "For at least a quarter-century, this Court has made clear that . . . the government . . . may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech." *Perry* v. *Sindermann,* 408 U. S. 593, 597 (1972).

The court below does not directly question these principles. Instead, admitting there was no advocacy of truancy in the classroom, it found that "a teacher's right to teach cannot depend solely upon his conduct in the schoolroom." 506 P. 2d 420, 425–426. It then reached into the petitioner's family relationship, justifying the dismissal because of the expression of his views on attendance laws to his children, thereby "encouraging his daughters not to attend school." *Id.,* at 425. In thus "carrying out" his views on compulsory-attendance laws, the court below found that he had forfeited his rights to employment.

May Pickering publish his criticisms in the local newspaper with impunity while the petitioner must keep his views secret from his children, lest they adopt them?

I would grant the petition for certiorari and set the case for argument.